IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| ALLEXIS MURPHY MUNTASER, o/b/o J.M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | ) CASE NO.1:25-cv-2029-PAB <br> ) <br> ) JUDGE PAMELA A. BARKER <br> ) <br> ) <br> ) MAGISTRATE JUDGE <br> ) REUBEN J. SHEPERD <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) |

**I.** **Introduction**

Plaintiff, Allexis Murphy Muntaser, on behalf of J.M. ("Murphy Muntaser"), proceeding pro se, seeks judicial review of the final decision of the Commissioner of Social Security, denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). Because Murphy Muntaser has failed to pay her filing fee, I recommend her case be dismissed.

**II.** **Procedural History**

On September 24, 2025, Murphy Muntaser filed the instant Complaint against the Commissioner of Social Security, challenging his denial of her claim as contrary to the evidence and the Social Security Act. (ECF Doc. 1). Along with her Complaint, Lewis filed a motion to proceed *in forma pauperis* ("IFP"). (ECF Doc. 2). After review, I determined a supplement was

1

necessary to clarify her financial position. (*Id.*). On September 25, 2025 ordered her to refile her in forma pauperis form to correct the noted deficiencies no later than October 9, 2025. (non-document entry of Sept. 25, 2025). The case was stayed pursuant to General Order 2025-20 from October 1 through November 14, 2025. (Non-document entries of Oct. 1 and Nov. 14, 2025).

During this period, Murphy Muntaser made no response. On December 1, 2025, I therefore ordered Murphy Muntaser a second time relating to the IFP motion, requiring her to either (i) pay the filing fee; or (ii) submit a revised financial affidavit with additional information to assist the court in determining whether she was entitled to proceed without paying a filing fee. (Non-document entry of Dec. 1, 2025). She was ordered to respond no later than December 8, 2025 or else risk a recommendation of dismissal. (*Id.*). She has not responded.

**III.   Discussion**

Murphy Muntaser has not responded to any of the Court's orders or other notices, effectively stalling her case. Because she has failed to correct the deficiencies in her IFP application or pay her filing fee, and because she has failed to respond to any of the Court's orders or notices since first filing her complaint in this Court, I recommend the District Court dismiss her case in its entirety.

Title 28 U.S.C. § 1915(a) permits courts to authorize "the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits and affidavit . . . that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). The purpose of this provision is to ensure "equal access to the judicial system by allowing [indigent claimants] to proceed without having to advance the fees and costs associated with litigation." *Woolverton-Jones v. Comm'r of Soc. Sec.*, No. 1:21-CV-01027-JDB-JAY, 2021 WL 12268157, at *1 (W.D. Tenn. May 10, 2021). The determination of whether to grant an application to proceed IFP is within the

discretion of the court. *Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015). Proceeding IFP "is a privilege, not a right." *Committe v. John Carroll Univ.*, No. 1:18CV01372, 2019 WL 913054, at *4 (N.D. Ohio Feb. 25, 2019) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).

Here, Murphy Muntaser has failed to supplement her IFP affidavit with additional information as required by the Court. In the absence of a sufficient supplement to her affidavit, she was required to pay her filing fee, which she also has not done. She was first given from September 25 to October 9, 2025 to respond. (Non-document entry of Sept. 25, 2025). She was also afforded additional time to respond based on the government shutdown and the order staying cases in which the government is a party. (*See* non-document entry of Oct. 1, 2025 and General Order 2025-20). She was again noticed of the deficiencies in her IFP application and the need to respond on December 1, 2025. (Non-document entry of Dec. 1, 2025). In all, Murphy Muntaser has failed to advance her case at its very initial stages, and I determine that recommending dismissal has become necessary.

For these reasons, I recommend the District Court dismiss Murphy Muntaser's case without prejudice to refile.

**IV.     Conclusion**

Because Murphy Muntaser has failed to pay her filing fee, I recommend the District Court dismiss her case without prejudice to refile.

Dated: December 10, 2025

Reuben J. Sheperd
United States Magistrate Judge

---

**OBJECTIONS**

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).