IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Allexis Murphy Muntaser, On behalf of J.M., a minor, | Case No. 1:25CV2029 |
| | JUDGE PAMELA A. BARKER |
| Plaintiff, | |
| -vs- | Magistrate Judge Reuben J. Sheperd |
| | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Reuben J. Sheperd. (Doc. No. 6), recommending that the instant action be dismissed. No objections have been filed. For the following reasons, the Report and Recommendation is ADOPTED and this action is hereby DISMISSED WITHOUT PREJUDICE.

I. Background

On September 24, 2025, Plaintiff Allexis Murphy Muntaser, on behalf of J.M., a minor (hereinafter "Plaintiff") filed a Complaint (Doc. No. 1) challenging the final decision of the Defendant Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381 *et seq*. ("Act"). On that same date, Plaintiff filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2.) Pursuant to Local Rule 72.2(b), the case was referred to the Magistrate Judge.

On September 25, 2025, the Magistrate Judge issued the following Order:

The Court has reviewed Plaintiff's *in forma pauperis* application (ECF Doc. 2) and cannot determine from its face whether Plaintiff is entitled to proceed *in forma*

>> *pauperis*. Namely, Plaintiff indicates self-employment income of $24,000 per month (p.1) but elsewhere states that she receives $3,000 per month from self-employment work (p. 2); Plaintiff also does not calculate totals for monthly income (p. 2), or expenses (p. 4). Plaintiff is directed to refile the *in forma pauperis* application no later than October 9, 2025, correcting the above-noted errors.

*See* Non-Doc Order dated Sept. 25, 2025. A copy of the Order was mailed to Plaintiff at her preferred address in Lakewood, Ohio and was not returned as undeliverable. Due to the government shutdown, this matter was then stayed pursuant to General Order 2025-20 from October 1, 2025 through November 14, 2025. *See* Non-Doc Orders dated October 1, 2025 and November 14, 2025.

The docket reflects that Plaintiff did not refile her *in forma pauperis* application, or otherwise respond to the Magistrate Judge's Order, during this time period. On December 1, 2025, Magistrate Judge Sheperd issued a second Order, in which he directed Plaintiff to "either file a corrected *in forma pauperis* application or pay her filing fee, no later than December 8, 2025 or else risk a recommendation of dismissal." *See* Non-Doc. Order dated Dec. 1, 2025. A copy of this Order was mailed to Plaintiff at her preferred address in Lakewood, Ohio and was not returned as undeliverable.

Plaintiff failed to either file a corrected *in forma pauperis* application or pay the filing fee. Thus, on December 10, 2025, the Magistrate Judge issued a Report & Recommendation that the instant action be dismissed due to Plaintiff's "fail[ure] to advance her case at its very initial stages." (Doc. No. 6.) A copy of the Report & Recommendation was mailed to Plaintiff and was not returned as undeliverable. Objections were due by no later than fourteen (14) days after service, i.e., by no later than December 29, 2025. No objections were filed.

**II.     Standard of Review**

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district

court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

### III. Analysis and Conclusion

Here, as stated above, no objections were filed to the Report and Recommendation of Magistrate Judge Sheperd that the instant action be dismissed. This Court has nonetheless carefully and thoroughly reviewed the Report and Recommendation and agrees with the findings and conclusions set forth therein. The Report and Recommendation (Doc. No. 6) of Magistrate Judge Sheperd is, therefore, ADOPTED and the instant action is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: January 5, 2026

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE